(No. 2141— )

BUSINESS MEN'S ASSURANCE COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 15, 1937.*

EVAN HOWELL, for claimant.

OTTO KERNER, Attorney General; CARL DIETZ AND JOHN KASSERMAN, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant is a Missouri corporation licensed to do business in Illinois, under the provisions of "AN ACT TO ORGANIZE AND REGULATE THE BUSINESS OF LIFE INSURANCE, Approved March 26, 1869." Section 23 of such Act provides that the Superintendent of Insurance shall be paid Two ($2.00) Dollars for each Certificate of Authority; that another Insurance Law, i. e. "AN ACT CONCERNING THE BUSINESS OF CASUALTY INSURANCE, Approved April 22, 1899," in Section 15 thereof prohibits the solicitation of business by an agent for any casualty company without first procuring from the Superintendent of Insurance, a Certificate of Authority, and without first paying a fee of Two ($2.00) Dollars for each such certificate.

Prior to July 13, 1932 the Superintendent of Insurance of Illinois required that companies licensed to write insurance business in Illinois, should procure separate licenses under the two foregoing statutes. On July 13, 1932 Hon. Oscar E. Carlstrom, Attorney General of the State of Illinois, issued an opinion in which he announced in substance that agents of Life Insurance Companies operating under the provisions of the Act of 1869, and whose companies had also availed themselves of the provisions of the Act of 1919 to write accident and health insurance, should be permitted to write both lines of business by the issuance of one certificate to such agents and the payment of only one fee for each to the Insurance Department.

Claimant had voluntarily paid separate license fees under the two statutes for the years intervening between the dates of April 27, 1920 to July 13, 1932, amounting to the sum of Seven Hundred Sixty-six ($766.00) Dollars, for which claimant now seeks an award. The Attorney General filed a motion to dismiss the complaint. A stipulation of the above facts has been filed and the motion is considered with the stipulation.

This case falls within that group wherein claims have been denied because the payment had been made under a mistake of law or because of the unconstitutionality of the law under which such payments were made.

"Taxes voluntarily paid cannot be recovered unless there is a statute authorizing such recovery. The fact that the law under which such tax was levied and paid is declared unconstitutional does not authorize the court to make an award for the recovery of same."

*Wm. Wrigley, Jr., Co.* vs. *State*, 7 C. C. R. 153.

*Marx & Hass Clo. Co.* vs. *State*, 7 C. C. R. 139.

The motion of the Attorney General to dismiss is allowed; award denied and claim dismissed.